UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                            )<br>                    Plaintiff,              )<br>                                                            )        CV-04-381-RHW<br>          vs.                                          )<br>                                                            )<br>U.S. FUNDS IN THE AMOUNT OF  )<br>$422,811.43 SEIZED FROM           )<br>COLUMBIA STATE BANK              )        Final Order of Forfeiture<br>ACCOUNT#:  XXXXXX4346,          )<br>                                                            )<br>                    Defendant.           ) | |

Plaintiff, United States of America, alleged in a Verified Complaint for Forfeiture *In Rem*, that the defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2344(c) and 18 U.S.C. § 981(a)(1)(A).

The Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.  Venue is proper pursuant to 28 U.S.C. § 1395.

The defendant property being forfeited is described as follows:

All United States currency funds or other monetary instruments credited to account number XXXXXX4346, in the amount of $422,811.43, held in the names of Jerry's Smoke Shop and/or Gerald G. George, and/or Faye A. Wright, seized from Columbia State Bank, in Fife, Washington, on or about June 8, 2004.

On November 23, 2004, Gerald G. George d/b/a/ Jerry's Smoke Shop was served via certified mail with copies of the Verified Complaint for Forfeiture *In Rem*, and Notice of Complaint for Forfeiture, in the above-entitled matter, as evidenced by the Certificate of Service of Notice by Mail filed with the Court on November 23, 2004.

Final Order of Forfeiture * 1

On November 23, 2004, Attorney Zenon Olbertz was served via certified mail with copies of the Verified Complaint for Forfeiture In Rem, and Notice of Complaint for Forfeiture, in the above-entitled matter, as evidenced by the Certificate of Service of Notice by Mail filed with the Court on November 23, 2004.

On December 1, 2004, Attorney Zenon Olbertz filed a Notice of Appearance.

On May 4, 2005, Gerald G. George filed a Notice of Claim to the Defendant funds. Gerald G. George did not file an answer.

No other claims to the Defendant funds were filed.

The Notice of Complaint was published on April 8, 15, and 22, 2005, in the Daily Journal of Commerce, a newspaper of general circulation in King County, Washington, as evidenced by the TDF-90 form filed with the Court on May 8, 2005. Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P., and 18 U.S.C. § 983(a)(4)(A), require that claimants file a claim within thirty (30) days after final date of publication of the Notice of Complaint for Forfeiture, or within thirty (30) days after service of the complaint, whichever occurs first. At the latest this 30-day period expired on May 23, 2005.

On August 31, 2006, Gerald G. George entered into a Plea Agreement in *United States v. Gerald G. George*, Court Case No. CR-05-2099-RHW-7, in which Gerald G. George agreed to the forfeiture of the property without further notice.

On September 29, 2006, Gerald G. George d/b/a Jerry's Smoke Shop entered into a Stipulation for Order of Forfeiture of the defendant property in this civil forfeiture case, filed with the Court on October 4, 2006 (Ct. Rec. 8).

It appearing to the Court that the interest of Gerald G. George d/b/a Jerry's Smoke Shop has been resolved by the entry of the Stipulation for Order of Forfeiture, filed with the Court on October 4, 2006; and the Plea Agreement in *United States v. Gerald G. George*, August 31, 2006;

It further appearing to the Court that no other claims have been made to the defendant property;

1      **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the
$422,811.43 seized from Columbia State Bank Account #: XXXXXX4346 is hereby forfeited to the United States of America, and no right, title, or interest shall exist in any other person.

     **IT IS FURTHER ORDERED** that the forfeited property shall be disposed of in accordance with law by the United States.

     **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file**.

     **DATED** this 11th day of October, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2004\$422,811.43.forfeit.ord.wpd

Final Order of Forfeiture * 3